Filed 2/14/14  P. v. Mendoza CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059374 |
| v. | (Super.Ct.No. SWF1300721) |
| URIEL MENDOZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dennis A. McConaghy, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# INTRODUCTION

On March 15, 2013, an information charged defendant and appellant Uriel Mendoza with inflicting corporal injury on a cohabitant while having a prior conviction of battery against a spouse within seven years (Pen. Code, § 273.5, subd. (e)(2), count 1)[1] and making a criminal threat (§ 422, count 2).

Trial commenced on June 10, 2013. On the second day of trial, defendant entered a plea of guilty to both counts and admitted having a prior battery conviction. The plea agreement included a maximum indicated sentence of two years in state prison.

On July 12, 2013, the trial court sentenced defendant to two years in state prison, as follows: two years for the corporal injury in count 1, and 16 months stayed under section 654 for the criminal threats in count 2. The trial court awarded defendant 348 days of presentence custody credit, and imposed a $280 restitution fine and other fees totaling $140.00. The court also imposed a $280 parole revocation fine, but stayed it on the condition that defendant comply with parole.

On August 8, 2013, defendant timely filed a notice of appeal challenging the sentence or other matters occurring after the plea, challenging the validity of the plea, and requesting a certificate of probable cause. On August 9, 2013, the court denied defendant's request for a certificate of probable cause.

---

[1] All further statutory references are to the Penal Code, unless otherwise specified.

## STATEMENT OF FACTS[2]

At the preliminary hearing, the victim could not recall the incident and was declared a hostile witness. The responding officer testified that he responded to a report of domestic disturbance. The victim reported to him that defendant and the victim were at the house they shared; defendant was drinking alcohol and an argument ensued between the two of them. During the argument, defendant threw a mug full of hot coffee at the victim; defendant also struck her several times and made a criminal threat.

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

---

[2] The statement of facts is based on the evidence presented at the preliminary hearing held on March 1, 2013.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
Acting P. J.

We concur:

KING
J.

MILLER
J.